```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

           - against -                       MEMORANDUM AND ORDER

ALBERTO RIVERA,                              18 Cr. 847 (NRB)

                 Defendant.
----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Alberto Rivera pled guilty to the charges of possession of heroin with intent to distribute, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B), and possession of firearm in furtherance of his narcotics offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  The Court imposed on defendant the lowest sentence within the guidelines range, and defendant is currently serving a sentence of 120 months: 60 months on Count I and a mandatory minimum sentence of 60 months on Count II, to be served consecutively.  See ECF No. 30.  Defendant now moves for compassionate release from FCI Fort Dix, citing the health risk posed by the COVID-19.  For the following reasons, defendant Rivera's motion is denied.

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce [a] term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a consideration . . . and that such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C § 3582(c)(1)(A). A court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3553(c)(1)(A). Defendant attached a copy of his request for compassionate release to the warden of FCI Fort Dix, which was denied. See Lamson Decl., Exs. E & F (ECF Nos. 36-6 & 36-7). As the movant, defendant bears the burden of showing that his release is justified under Section 3582(c)(1)(A). See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).

Defendant Rivera is 57 years old and does not suffer from, nor does his pre-sentence investigation report dated July 30, 2019 evidence that he suffers from, a medical condition that the CDC has identified as a risk factor for severe illness from COVID-19. See People of Any Age with Underlying Medical Conditions Who Is at Increased Risk for Severe Illness, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.

2

html (last updated July 17, 2020).  The delay in defendant's hip replacement surgery and the need to rely on a walker or cane for his mobility within the prison, while unfortunate, do not constitute an extraordinary and compelling basis for his release. Nor do the defendant's mental health conditions constitute such a basis.

Even were we to assume that they did, the application of the factors set forth in 18 U.S.C. § 3553(a) would still counsel strongly against release.[1]  Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  18 U.S.C. § 3553(a)(1), (a)(2)(A).  The offenses for which defendant is incarcerated arose from his solicitation of another person's assistance with the armed robbery of drug dealers.  See Presentence Investigation Report, dated July 30, 2019, ¶¶ 9-12.  Moreover, defendant's extensive criminal history, which includes multiple felony convictions, reveals that defendant has lived his life as a criminal ever since his initial conviction at age 17.  Id. at

---

[1] "[A] court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Gotti, No. 02 Cr. 743-07 (CM), 2020 WL 497987, at *2 (S.D.N.Y. Jan. 15, 2020).

3

¶¶ 35-47.  Lastly, defendant has served less than 2 years out of his 10-year sentence.  Under the circumstances, the Court concludes that consideration of Section 3553(a) factors would not warrant a reduction of sentence.

For the foregoing reasons, the Court denies defendant Rivera's motion.  This Memorandum and Order resolves the ECF Docket Entry No. 36.

**SO ORDERED.**


Dated:   New York, New York
         July 27, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE